■ ELIZABETH C. WHITE, as Administratrix of the Estate of RONALD J. WHITE, Deceased, Respondent, v. JAMES W. SNEDIKER et al., Copartners Doing Business under the Name of SNEDIKER'S SAND & GRAVEL Co., et al., Appellants.— Motion for permission to appeal to the Court of Appeals denied, without costs. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.

■ In the Matter of the Construction of the Will of MALVINA ASTOR, Deceased.— Motion by appellant, William H. Dinehart, individually and as administrator of Alma Burch, deceased, and Mary Bain for permission to appeal to the Court of Appeals. Motion denied, without costs. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.

■ In the Matter of the Claim of MORRIS LIPERMAN, Respondent, against I. B. GILLER et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from a reduced earnings award. On September 14, 1949, claimant sustained a compensable accident and various awards for total and partial disability were made and those awards were paid. On July 19, 1954, the board made a finding of permanent partial disability and closed the case. Thereafter the case was reopened and an award of reduced earnings was made for three separate weeks. It is stipulated that claimant's average weekly wage prior to the accident was $78. Between the accident of 1949 and the awards of 1956 claimant's wages had substantially increased so that his average weekly wage would exceed $78, and appellants urge that such an average, taken over a period of time, should be used as a basis for determining reduced earnings. However, the statute provides in cases of partial disability that wage earning capacity shall be determined by "his actual earnings." (Workmen's Compensation Law, § 15, subd. 5-a.) It appears without dispute that during the three weeks in question claimant earned less than $78 because he lost some time from work during each of those weeks. The board has found that the lost time was due to the accident, and there is evidence in the record to support such a finding. Under such circumstances the board properly determined the reduced earnings upon the basis of actual earnings. (*Matter of Greenough* v. *Bromley,* 276 App. Div. 937.) It is true that there is an occasional exception to this rule under very unusual circumstances. The *Greenough* case distinguishes the cases urged by appellants except in the case of *Matter of Burley* v. *American Locomotive Co.* (2 A D 2d 621). In that case the court made an exception because of the great variation in claimant's wages from week to week, and merely held that the usual method of determining actual earnings should not be applied "under circumstances here disclosed." We do not think the *Burley* case changed the statutory requirement or the general rule but must be limited to the particular facts of that case. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.